**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA**

**V.**                                                          **CRIMINAL ACTION NO. 2:16-CR-7-KS-MTP**

**CHARLES BOLTON and**
**LINDA BOLTON**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Withdraw [72] filed by Attorney Lisa Ross, counsel for Defendant Linda Bolton. After considering the motion, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I. BACKGROUND

A federal grand jury indicted Defendants Charles and Linda Bolton on March 22, 2016. Linda Bolton originally retained Paul Holmes ("Holmes") and James K. Dukes ("Dukes") to represent her interests separately from those of her husband and co-defendant, Charles Bolton. The Court disqualified Holmes and Duke in a hearing held on July 28, 2016, and gave Linda Bolton ten days to find new representation.

A telephonic hearing was held on August 4, 2016, at the request of Dukes on behalf of Linda Bolton, in order to disclose the status of her search for new counsel. Dukes informed the Court that Linda Bolton had approached four attorneys, including Attorney Lisa Ross ("Ross"), and had been turned away because of the impending trial date of August 22. The Court advised Dukes that Linda Bolton should continue to seek representation and that any new attorney would have the opportunity to file for a continuance, which the Court would consider in due course. The Court further advised

Dukes that if Linda Bolton could not find an attorney to represent her, it would appoint a public defender.

On August 8, 2016, the deadline the Court originally gave Linda Bolton to find a new attorney, Ross entered her appearance on behalf of Linda Bolton. On August 10, 2016, the Court held a telephonic hearing pertaining to the possibility of attaining a continuance in this case, during which Ross appeared on behalf of Linda Bolton. The Court advised parties that a motion to continue had to be filed before it could grant a continuance. The Court further informed the parties that the only trial dates available to continue the case until would be either August 29, 2016, or September 12, 2016, due to the scheduling constraints caused by the Court's own docket as well as Joe Sam Owen's, counsel for Charles Bolton, and AUSA Fred Harper's conflicts,[1] which had long been brought to the attention of the Court. When Ross asked about dates in December, the Court advised her that it did not feel such a long continuance would be appropriate given the nature of the case, but that it would consider any arguments she may make if she filed a motion.

On August 12, 2016, the Court held a telephonic conference with the parties to remind them that, because a motion for continuance had yet to be filed and the trial date was still set for August 22, proposed jury instructions and the parties' exhibit and witness lists were due the following Monday on August 15, 2016. Ross informed the Court that she intended to file a motion for continuance that day on behalf of Linda Bolton, and Owen confirmed that he would join in whatever motion she filed on behalf of Charles Bolton. Ross filed her Motion to Continue [42][43] on behalf of Linda Bolton late that evening, after business hours. Because it was a Friday, the Court did not receive the motion until the morning of August 15, 2016. The Court granted a continuance on

---

[1] Owen informed the Court much earlier in the case that he would be unavailable for the entire month of October. AUSA Harper was equally upfront with the Court about his unavailability during November.

2

August 16, 2016, setting a new trial date for September 12, 2016, and giving specific reasons why a longer continuance was not granted.

On September 2, 2016, Ross filed her Motion to Withdraw [72].

## II.  DISCUSSION

"An attorney may withdraw from representation only upon leave of the court and a showing of good cause and reasonable notice to the client." *Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citing *Streetman v. Lynaugh*, 674 F.Supp. 229 (E.D. Tex. 1987)).  Whether to grant a motion to withdraw from representation is a "matter entrusted to the sound discretion of the court and will be overturned on appeal only for an abuse of that discretion." *Id.* at 234 (quoting *Streetman*, 674 F.Supp. at 234).

The only cause Ross has asserted for her withdrawal is the imminent date of trial, claiming that she does not have adequate time to prepare for trial and blaming the Court for not giving her more time.  The Court does not find that this is a sufficient showing of good cause. *See Wynn*, 889 F.2d at 646.  As stated in its previous Order [45], Ross is a competent attorney who is well aware that a continuance is granted at the discretion of the Court and is in no way guaranteed.  Ross entered this case in full knowledge that trial was set for August 22, 2016.  Ross also knew as early as August 10, 2016, that the trial would not be continued past September 12, 2016, if a continuance was granted.  Ross was well-aware of her obligations to her client and the time limitations she was under when she entered the case.  The Court does not find that these time limitations are good cause to withdraw from representation ten days before trial, when Ross has been fully aware of these limitations for weeks beforehand. *See Wynn*, 889 F.2d at 646.

Therefore, for the foregoing reasons, the Court will not exercise its discretion to allow Ross to withdraw from this case, and her motion will be **denied**.

## III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Withdraw [72] is **denied**.

SO ORDERED AND ADJUDGED this the 8th day of September, 2016.

*S/ Keith Starrett*
UNITED STATES DISTRICT JUDGE